```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

A.D., an individual,

       Plaintiff,

v.                                    Case No: 2:22-cv-649-JES-NPM

CAVALIER MERGERSUB LP F/K/A
COREPOINT LODGING, INC.;
WYNDHAM HOTELS & RESORTS,
INC.; LA QUINTA HOLDINGS,
INC.; LQ MANAGEMENT L.L.C.;
LA QUINTA FRANCHISING LLC;
and CPLG FL PROPERTIES, LLC
F/K/A LQ FL PROPERTIES,

       Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Complaint (Doc. #15) filed on November 14, 2022. Plaintiff filed a Response in Opposition (Doc. #18) on December 21, 2022, to which defendants Replied (Doc. #19) on January 10, 2023. For reasons set forth below, the motion is granted in part and denied in part as moot.

I.

On February 2, 2022, Plaintiff A.D. (Plaintiff or A.D.) filed a complaint with this Court against numerous defendants, including hotel owners, operators, franchisees, franchisors, and parent companies, asserting they were liable for damages she sustained as a victim of sex trafficking at various hotels in southwest Florida.

See A.D. v. Corepoint Lodging, Inc., et al., No. 2:22-cv-095-JES-NPM (Doc. #1.) On May 4, 2022, Plaintiff amended her complaint. On September 20, 2022, the Court granted a motion to dismiss the First Amended Complaint and determined that severance was appropriate. See A.D. v. Cavalier Mergersub LP, No. 2:22-cv-095-JES-NPM, 2022 WL 4357989, 2022 U.S. Dist. LEXIS 169985 (M.D. Fla. Sep. 20, 2022); see also A.D. v. Cavalier Mergersub LP, No. 2:22-cv-095-JES-NPM, 2022 WL 4358051, 2022 U.S. Dist. LEXIS 169981 (M.D. Fla. Sep. 20, 2022). Thereafter, Plaintiff filed several actions against various defendants, including this case.

The Complaint (Doc. #1) in this matter was filed on October 11, 2022, and alleges that between April 2012 and July 2012, plaintiff A.D., a resident of Collier County, Florida, was a victim of continuous sex trafficking at the La Quinta® by Wyndham Tampa Bay Airport (La Quinta Hotel) in Tampa, Florida. (Id., ¶¶ 10, 39-40.) Plaintiff asserts a single claim against defendants Cavalier MergerSub LP f/k/a CorePoint Lodging, Inc. (CPLG), CPLG FL Properties, LLC f/k/a LQ FL Properties (CPLG FL), Wyndham Hotels & Resorts Inc. (WHRI), La Quinta Holdings (LQH), La Quinta Management L.L.C. (LQM), and La Quinta Franchising LLC (LQF) (collectively Defendants) for violation of the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595. (Doc. #1, p. 36.)

Defendants seek dismissal of Plaintiff's Complaint for various reasons, including that the Complaint is a shotgun pleading prohibited by Rule 8 of the Federal Rules of Civil Procedure. (Doc. #15, pp. 6-8.) Because the Court agrees with this argument, the Complaint will be dismissed with leave to amend and Defendants' remaining arguments for dismissal will be denied without prejudice as moot.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A shotgun pleading violates Rule 8 because it fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) (identifying the "four rough types or categories of shotgun pleadings"). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings [because] [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).

Defendants argue that the Complaint impermissibly commingles factual allegations against all the Defendants, treating them as

an undifferentiated whole, and thus failing to give each defendant notice of the claim(s) against them. (Doc. #15, pp. 6-8.) Plaintiff responds that she has alleged a single TVPRA claim against Defendants which can be fairly read to aver that all Defendants are responsible for the alleged conduct, which does not violate Rule 8. (Doc. #18, pp. 7-8.)

Plaintiff is correct that group pleading is sometimes appropriate without violating the shotgun pleading rule. Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins., 953 F.3d 707, 732 (11th Cir. 2020). For instance, collective allegations are permissible when a "complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Id. (citation omitted). But here, the result is problematic for two reasons.

First, the Complaint does not consistently refer to Defendants in such a way that each Defendant knows whether they are being included in each paragraph. Plaintiff begins by identifying each of the six individual defendants and then states that they will be collectively referred to as the "La Quinta Defendants." (Doc. #1, ¶¶ 11-12, 13, 13.d.) Thereafter, Plaintiff makes certain allegations collectively against "WHRI and the La Quinta Defendants" (Id., ¶¶ 14.a.-t.), but then in Paragraph 15 Plaintiff states that LQH, LQM, LQF, CPLG, and WHRI (and not CPLG FL) will be identified as "La Quinta Defendants" or "LQ

4

Defendants." (Id., ¶ 15.) Just one paragraph later, however, Plaintiff alleges that WHRI, LQH, LQM, LQF (but not CPLG or CPLG FL) are now the "La Quinta Defendants" and will also be described as the "Brand Hotel Defendants" or "Brand Hotels." (Id., ¶ 16.) In the "Factual Allegations" section of the Complaint (subheading "Brand Hotels Control the Hospitality Industry"), Plaintiff makes allegations against WHRI, the La Quinta Defendants, and the Brand Hotel Defendants, but then refers to just "Defendants" in the subsequent paragraphs, leaving each defendant to figure out to whom Plaintiff is referring. (Id., ¶¶ 24-31.) To make matters even more confusing, in the next section of the Complaint entitled "The Defendants' Actual and/or Constructive Knowledge of Sex Trafficking At Their Hotels," Plaintiff initially refers to "Defendants", but then discusses the actual and constructive knowledge of the "CPLG Defendants" and the "La Quinta Defendants," which is then further broken down to defendants CPLG and LQH in the following paragraphs. (Id., ¶¶ 32-34.a.-l.) The remainder of the Complaint nevertheless makes allegations only against "Defendants." (Id., pp. 35-45.)

Second, the Complaint is problematic because the Court (as may be the case with each Defendant) is unable to determine what acts or omissions impute liability to each Defendant under the TVPRA. See Barmapov v. Amuial, 986 F.3d 1321, 1324-25 (11th Cir. 2021). To state a TVPRA beneficiary claim, Plaintiff must allege

5

facts which permit the Court to plausibly infer that each of these Defendants "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) the [Defendants] knew or should have known that the venture violated the TVPRA as to [A.D.]." Doe v. Red Roof Inns, Inc., 21 F.4th 714, 723 (11th Cir. 2021). The Complaint goes into great detail about the actual and constructive knowledge of just defendants CPLG and LQH, but later alleges that the "Defendants" knew or should have known that Plaintiff was being sex trafficked. The Court cannot determine, without pure speculation, what actionable conduct each Defendant engaged in, if any, under the TVPRA. Neither can Defendants.

Plaintiff's Complaint is therefore dismissed as an impermissible shotgun pleading, and the remainder of Defendants' motion is denied as moot. The Court grants Plaintiff leave to file an amended complaint if she chooses to do so. Blochowicz v. Wilkie, 853 F. App'x 491, 493 (11th Cir. 2021) ("Litigants are entitled to at least one change to remedy the deficiencies that render a complaint an impermissible shotgun pleading.").

Accordingly, it is now

**ORDERED:**

1. Defendants Wyndham Hotels & Resorts, Inc., La Quinta Holdings, Inc., LQ Management L.L.C., La Quinta Franchising LLC, Cavalier Mergersub LP, and CPLG FL Properties, LLC's

6

Motion to Dismiss Complaint (Doc. #15) is **GRANTED in part and DENIED in part as moot.**

2. The Complaint (Doc. #1) is **DISMISSED without prejudice.**

3. Plaintiff A.D. may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order, if she chooses to do so.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record